# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

LENA MORALEZ, as Administrator   )
of the Estate of Frank Griego, deceased,  )
                                   )
              Plaintiff,     )
                                   )
v.                           )     Case No. 5:25-cv-01389-R
                                 )
TURN KEY HEALTH CLINICS, LLC  )
SHERIFF OF CLEVELAND        )
COUNTY,                    )
                                 )
         Defendants.  )

---

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF
## DEFENDANT TURN KEY HEALTH CLINICS, LLC

---

Respectfully submitted,

HALL BOOTH SMITH, P.C.

B. Chance Holland, OBA #31089
Kristin M. Siegel, OBA #32871
6301 Waterford Blvd, Ste 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414
cholland@hallboothsmith.com
ksiegel@hallboothsmith.com

*Attorneys for Defendant Turn Key Health Clinics, LLC*

December 22, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

STATEMENT OF THE CASE ....................................................................................... 1

ARGUMENTS AND AUTHORITIES............................................................................3

    I.   Standard of Review ................................................................................................3

   II.  Proposition: Judge Heaton's Opinion in *Ford v. Bd of County Comm'rs
          for Stephens County* is Instructive and Favors Dismissal ........................................4

  III.  Proposition: Plaintiff has Failed to State a Viable Constitutional
         Claim Against TK Health ........................................................................................5

       A.  Plaintiff has failed to allege facts sufficient to show that any TK Health
            Employee violated Griego's constitutional rights..............................................5

       B.  Plaintiff has failed to allege facts to support a *Monell* claim
            Against TK Health ..................................................................................... 14

CONCLUSION ..........................................................................................................21

CERTIFICATE OF SERVICE....................................................................................22

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal,*
  554 U.S. 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................................3, 14

*Bd. of County Comm'rs of Bryan County, Okl v. Brown,*
  250 U.S. 397 ...............................................................................................................18

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955 (2007) ..........................................................................3

*Bennett v. Passic,*
  545 F.2d 1260 (10th Cir. 1976) ..................................................................................12

*Bryson v. Gonzales,*
  534 F.3d 1282 (10th Cir.2008) ...................................................................................11

*City of Canton Ohio v. Harris,*
  489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ..........................................16, 18

*Connick v. Thompson,*
  563 U.S. 51, 131 S.Ct. 179 L.Ed.2d 417 .....................................................................18

*Debrow v. Kaiser,*
  42 F. App'x 269 (10th Cir. 2002) ...............................................................................11

*Douglas v. Miller,*
  864 F.Supp.2d 1205 (W.D.Okla. 2012) ........................................................................5

*Duffield v. Jackson,*
  545 F.3d 1234 (10th Cir. 2008) ..................................................................................10

*Duffield v. Jackson,*
  2007 WL 4210863 (W.D. Okla. 2007) .........................................................................11

*Estelle v. Gamble,*
  429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) .................................................6, 9

*Farmer v. Brennan,*
  511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)...............................................7

*Flanagan v. City of Dallas, Tex.,*
  48 F. Supp. 3d 941 (N.D.Tex.2014)............................................................................20

*Foster v. Turn Key Health Clinics,*
  *et al.,* 2020 WL 2517013 (E.D.Okla.2020) ................................................................15

*Garcia v. Salt Lake County,*
  768 F.2d 303 (10th Cir. 1985) ...................................................................................6, 7

*Garrett v. Stratman,*
  254 F.3d 946 (10th Cir. 2001) ....................................................................................12

*Gaston v. Ploeger,*
  229 Fed.Appx. 702 (10th Cir. 2007) .............................................................................8

*Gilbreath v. Cleveland Cnty. Bd. of Cnty. Comm'rs,*
  CIV-11-1037-D, 2012 WL 2683133 (W.D. Okla. 2012) ..............................................11

*Gray v. University of Colo. Hosp. Auth.*,
  672 F.3d 909 (10th Cir. 2012) ........................................................................... 11
*Green v. Branson*,
  108 F.3d 1296 (10th Cir. 1997) ......................................................................6, 17
*Gregg v. Georgia*,
  428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976) ..................................... 6
*Hall v. Bellmon*,
  935 F.2d 1106 (10th Cir. 1991) ......................................................................3, 19
*Harper v. Woodward Bd. Of Cnty. Comm'rs*,
  2014 WL 7399367 (W.D. Okla. 2014) ............................................................... 12
*Heidtke v. Corr. Corp. of Am.*,
  489 Fed. Appx. 275 (10th Cir. 2012) ................................................................... 8
*Johnson v. Cannon*,
  2009 WL 1916928 (E.D.Okla.2009) ................................................................. 15
*Johnson v. Mullin*,
  422 F.3d 1184 (10th Cir. 2005) ........................................................................... 6
*Martin v. Creek County Jail*,
  2010 WL 4683852 (N.D. Okla. 2010) ................................................................. 6
*Martinez v. Beggs*,
  563 F.3d 1082 (10th Cir. 2009) ........................................................................6, 7
*Martinez v. Carson*,
  697 F.3d 1252 (10th Cir. 2012) ......................................................................... 13
*McClain v. Sheriff of Mayes Cty.*,
  595 F. App'x 748 (10th Cir.2014) ...................................................................... 20
*Monell v. New York City Dept. of Social Servs.*,
  436 U.S. 658 (1978) .............................................................. 14, 15, 20, 21
*Oklahoma City v. Tuttle*,
  471 U.S. 808 (1985) ................................................................................... 15, 20
*Olson v. Stotts*,
  9 F.3d 1475 (10th Cir. 1993) ............................................................................. 10
*Pahls v. Thomas*,
  718 F.3d 1210 (10th Cir. 2013) ........................................................................... 8
*Pembaur v. City of Cincinnati*,
  475 U.S. 469 (U.S. Ohio 1986) ......................................................................... 15
*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir.2001) .............................................................................. 20
*Prince v. Turn Key*,
  2019 WL 238153 (N.D.Okla.2019) ................................................................... 20
*Riddle v. Mondragon*,
  83 F.3d 1197 (10th Cir. 1996) ........................................................................... 14
*Ridge at Red Hawk, L.L.C. V. Schneider*,
  493 F.3d 1174 (10th Cir. 2007) ........................................................................... 3

*Robbins v. Oklahoma*,
  519 F.3d 1242 (10th Cir. 2008) ................................................................. 8, 11
*Self v. Crum*,
  439 F.3d 1227 (10th Cir. 2006) ................................................................. 8, 9
*Sherman v. Klenke*,
  653 F. App'x 580 (10th Cir.2016) ................................................................. 17
*Smart v. Villar*,
  547 F.2d 112 (10th Cir. 1976) ................................................................. 10, 11
*Soboroff v. Federal Transfer Center*,
  2013 WL 4788614 (W.D. Okla. 2013) ................................................................. 20
*Tennant v. Miller*,
  589 F. App'x 884 (10th Cir. 2014) ................................................................. 7
*Trask v. Franco*,
  446 F.3d 1036 (10th Cir. 2006) ................................................................. 13
*Vasquez v. Davis*,
  882 F.3d 1270 (10th Cir. 2018) ................................................................. 7
*Westlake v. Lucas*,
  537 F.2d 857 (6th Cir. 1976) ................................................................. 7, 10
*White v. Kansas Dept. of Corrections*,
  664 Fed. Appx. 734 (10th Cir. 2016) ................................................................. 14
*Whitesel v. Sengenberger*,
  222 F.3d 861 (10th Cir.2000) ................................................................. 15
*Whitley v. Albers*,
  475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ................................................................. 7
*Williams v. City of Tulsa, OK*,
  393 F.Supp.2d 1124 (N.D.Okla.2005) ................................................................. 14
*Wise v. Bravo*,
  666 F.2d 1328 (10th Cir.1981) ................................................................. 6

Statutes

42 U.S.C. § 1983 ................................................................. 5, 6, 7, 8

Rules

Fed. R. Civ. P. 4 ................................................................. 1
Fed. R. Civ. P. 8 ................................................................. 11
Fed. R. Civ. P. 12(b)(6) ................................................................. 1, 2, 3, 14

COMES NOW Defendant, Turn Key Health Clinics, LLC, d/b/a TK Health ("TK Health"), and moves this Court to dismiss this action against it pursuant to Fed. R. Civ. P. 4 and Fed. R. Civ. P. 12(b)(6). In support, Defendant respectfully submits to the Court the following Brief.

## STATEMENT OF THE CASE

Plaintiff, Lena Moralez, Administrator for the Estate of Frank Griego ("Mr. Griego"), Deceased, bring the instant lawsuit against Defendants, the Sheriff of Cleveland County, Oklahoma (the "Sherrif"), and TK Health. Plaintiff alleges TK Health and its staff evinced deliberate indifference in failing to provide Plaintiff's Decedent with adequate medical care in violation of the Fourteenth Amendment to the U.S. Constitution. *See* ECF Doc. 1 at ¶¶ 4, 315. Specifically, Plaintiff alleges that TK Health, by and through its employed medical personnel, failed to appropriately treat Decedent's medical condition (including his mental illness and injuries allegedly sustained in an attack or attacks by other inmates), resulting in his death. Plaintiff claims that the alleged failures were the result of constitutionally inadequate policies, procedures, or customs of TK Health, which were the moving force behind Decedent's injuries. According to Plaintiff, these allegedly deficient policies, procedures, or customs include failing to adequately staff, train, and/or supervise medical personnel at the Cleveland County Jail (the "Jail" or "CCJ") and placing profits over patient care.

Plaintiff alleges that on or about October 30, 2021, Mr. Griego was booked into the Jail and a medical intake screening was performed by a TK Health emergency medical technician, Kayley French ("EMT French"). *See* ECF Doc. 1. at ¶¶ 8, 11. Plaintiff alleges

1

the Decedent was "showing obvious signs of his severe mental illness," and that EMT French ignored these signs and "placed him in general population at the Jail." *Id*. at ¶¶ 12-13. Over the subsequent weeks, Plaintiff asserts the Decedent was assaulted "multiple times by other inmates." *Id*. at ¶ 14.

On November 13, 2023, the Decedent was allegedly attacked by his cellmate while the Decedent slept, sustaining bruising, pain and a laceration on his forehead. ECF Doc. 1. at ¶ 15. Plaintiff alleges that on November 13, TK Health employee, Tayor Adams, examined Griego and he was transferred to Norman Regional Hospital ("NRH"), an external facility for further evaluation and treatment. *Id*. at ¶¶ 17-20. On November 15, Griego's vital signs reflected a 100.3 degree fever, 103 bpm pulse, and 130/86 blood pressure while under the care of the providers at NRH. *Id*. at ¶ 25. On November 16, the NRH providers cleared Griego to return to the Jail. *Id*. at ¶ 26. That same day, a TK Health nurse checked Griego's vitals and found them to be consistent with those preceding his discharge from NRH. *Id*. at ¶ 33. Plaintiff maintains that TK Health staff "witnessed his dire and worsening state" over the subsequent six days and "denied, delayed and obstructed" emergent treatment, resulting in his death. *Id*. at ¶¶ 313-314. Plaintiff alleges the Decedent's likely cause of death was pulmonary emboli. *Id*. at 52.

As discussed in the following Brief, Plaintiff has failed to plead sufficient facts under existing law to support a cause action against TK Health, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

## ARGUMENTS AND AUTHORITIES

### I.  STANDARD OF REVIEW

Plaintiff's Petition fails to state a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the Complaint "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell* at 570. For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

3

**II. PROPOSITION: JUDGE HEATON'S OPINION IN *FORD V. BD. OF COUNTY COMM'RS FOR STEPHENS COUNTY* IS INSTRUCTIVE AND FAVORS DISMISSAL**

This case is similar to a lawsuit dismissed in 2023 by Judge Heaton upon TK Health's 12(b)(6) Motion, *Ford v. Bd. of County Comm'rs of Stephens County et al.*, W.D. Okla. Case No. 5:23-cv-000646-HE. In *Ford*, the plaintiff alleged TK Health was liable for deliberate indifference after the decedent was beaten to death by his cell mate in the Stephens County Jail. *Ford* Amended Complaint, Ex. 1. More specifically, it was alleged that the defendants improperly assigned Kassanavoid, an inmate with a propensity for violence, to the decedent's cell despite it being previously determined that the decedent, who used a CPAP machine, was only eligible for a single-person cell. *Id*. at ¶ 13. The plaintiff alleged that Turn Key "placed" Kassanavoid in the decedent's cell "while knowing" that Kassanavoid "was an extremely dangerous and unstable inmate . . . ." *Id.* at 44. In his Order sustaining Turn Key's 12(b)(6) Motion to Dismiss, Judge Heaton found:

> The court concludes that the complaint **fails to allege facts sufficient to show some duty on the part of Turn Key that was arguably breached**. It alleges that Turn Key was the medical contractor that provided onsite medical services to persons in the Stephens County jail. **It does not, however, allege any facts which would support the conclusion that Turn Key was responsible for cell assignments, cell assignment policy, cell checks, or other aspects of jail operation beyond providing medical care.** The complaint's only allegations in that regard are purely conclusory in nature.

Judge Heaton's Order in *Ford*, Ex. 2, p. 3.

In the present case, Plaintiff claims TK Health is liable for deliberate indifference due to the fact that EMT French cleared the Decedent for general population where he was ultimately attacked by multiple inmates and later assigned to a cell with an inmate who

4

attacked him while slept. While *Ford* involved a single attack and multiple attacks are alleged here, the dispositive issue recognized by Judge Heaton applies. That is, without specific, non-conclusory allegations suggesting EMT French's duties included cell assignments or other administrative aspects beyond medical care, the Complaint fails to state plausible claims against her. EMT French's duties described by Plaintiff in the case at hand, all pertain to medical care and treatment. *See* ECF Doc. 1, ¶ 5. Like *Ford*, there is no allegation that EMT French or any other TK Health employee's duties included safety policies in the unit, cell assignments, cell assignment policy, cell checks, or anything unrelated to medical care of inmates.

While the Complaint in this case alleges other failures by TK Health staff regarding medical/mental health care, the allegations regarding duty to make cell assignments and a breach of that duty are even less specific than those found to be deficient in *Ford.* Like that case, Plaintiff's Complaint should be dismissed for failure to state a plausible claim against TK Health as it pertains to EMT French clearing the Decedent to enter general population.

### III. PROPOSITION: PLAINTIFF HAS FAILED TO STATE A VIABLE CONSTITUTIONAL CLAIM AGAINST TK HEALTH.

#### A. Plaintiff has failed to allege facts sufficient to show that any TK Health employee violated Griego's constitutional rights.

Plaintiff asserts claims arising under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law*,* deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012). To establish a constitutional violation for denial of medical attention under the

Fourteenth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009), quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference involves both an objective and a subjective component." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005); *see Martinez*, 563 F.3d at 1088-89.

In order to "state a claim under § 1983, an individual must allege misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'" *Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010) (quoting *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981)). "[D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain". *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 2925 49 L. Ed. 2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles." *Martin*, 2010 WL 4683852, 3 (N.D. Okla. 2010), *not reported,* quoting *Wise,* 666 F.2d at 1333 (10th Cir.1981).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id*. Negligence alone does not state a claim under § 1983 for deliberate indifference to medical needs. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Further, differences in judgment between an inmate and jail medical personnel regarding

appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail on a deliberate indifference claim, a plaintiff "must show deliberate indifference to a substantial risk of serious harm. The claim contains objective and subjective elements. Objectively, the deprivation must be sufficiently serious. Subjectively, the defendant must have been aware of a substantial risk of serious harm." *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994) (internal citations omitted).

Thus, in order to sufficiently plead a claim under § 1983 for deliberate indifference, Plaintiff must allege that a specific actor was subjectively aware of the risk of harm to Plaintiff's Decedent and disregarded such known risk. *See Farmer,* 511 U.S. at 829. There must be a showing of "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.*, quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Specifically, in order to impose liability, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer, supra*, 511 U.S. at 837. Thus, Plaintiff must show that TK Health, by and through a **specific actor, knew of and disregarded** a substantial risk of harm to Plaintiff by withholding medical treatment.

To establish a constitutional violation for denial of medical attention under the Fourteenth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009), quoting *Garcia*, 768 F.2d at 307.  Plaintiff must also show that a TK Health provider "personally participated" in the

7

alleged constitutional violation. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). The Tenth Circuit has "stressed the need for careful attention to particulars" in § 1983 lawsuits involving multiple defendants. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

Plaintiff has failed to plead sufficient allegations to establish the subjective component of the deliberate indifference test, which "requires a showing that the defendant acted with a culpable state of mind." *Gaston v. Ploeger*, 229 Fed.Appx. 702, 710 (10th Cir. 2007), *unpublished*. A jail official "cannot be liable for a claim of deliberate indifference 'unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Heidtke v. Corr. Corp. of Am.*, 489 Fed. Appx. 275, 279-80 (10th Cir. 2012), *unpublished,* quoting *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Id.* at 280. The Tenth Circuit has explained that "our case law firmly establishes that 'the subjective component is not satisfied, absent an extraordinary degree of neglect'." *Heidtke* at 280 (quoting *Self* at 1232). "[I]n this Circuit, the 'negligent failure to provide adequate medical care, even one constituting

8

medical malpractice, does not give rise to a constitutional violation." *Heidtke*, *id.,* quoting *Self* at. "Only when the symptoms obviously point to a substantial risk of harm can we draw an inference of the medical professional's conscious disregard of an inmate's medical emergency." *Id.* at 282.

Plaintiff has failed to plead facts sufficient to show that any TK Health employee knew that Griego would be attacked by other inmates. Plaintiff does not allege that TK Health employees were tasked with placing inmates into specific cells or protecting inmates from violence while in the unit. TK Health simply provides "medical professional staffing, supervision and care" but does not make housing determinations or placements of inmates in specific cells or control security in the units – which are obvious custodial functions of detention staff. ECF Doc. 1. at ¶ 2. Taking Plaintiff's allegations as true, Plaintiff's Petition fails to allege facts supporting an inference that any TK Health provider was aware of that Greigo would be attacked in his cell or elsewhere. Plaintiff's allegations are simply too conclusory and generalized to state a claim against TK Health. Accordingly, Plaintiff fails to allege facts from which to reasonably infer that the harm suffered by Griego, and his ultimate outcome, was causally related to any affirmative action or inaction by TK Health in the context of clearing him for placement in general population. Thus, Plaintiff fails to satisfy the subjective component of a constitutional claim.

An inadvertent failure to provide adequate medical care does not rise to the level of "wanton infliction of pain" necessary to sustain plaintiff's burden of proof for denial of the right to medical care. *Estelle*, at 105. A negligent failure to diagnose a medical condition also does not rise to the level of a constitutional violation. *Estelle*, at 105. Failure to provide

9

a test or failure to transfer to an outside facility does not rise to the level of a civil rights violation. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) (emphasis added). Performance of a cursory examination does not rise to the level of a civil rights violation. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Delay in transfer to another facility does not constitute a violation. *Redding v. Marsh*, 750 F.Supp.473, 479 (E.D.Okl.1990). Whether a specialist should have been called in sooner is a question of negligence, not a constitutional violation. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).

Next, taking Plaintiff's allegations regarding the prescription of mental health medication as true, no Turn Key employee ever objectively or subjectively believed that Plaintiff was an imminent danger of harm due to a lack of medication. Plaintiff's claims in this context amount to no more than a disagreement with the short delay posed by the medical decision to refer him for evaluation. Plaintiff relies on a note from the providers at NRH to allege a lack of treatment for his mental illness. *See* ECF Doc. 1. at ¶ 23. However, Plaintiff does not assert the providers at NRH prescribed the Decedent any medication to treat his mental illness and the Complaint demonstrates NRH cleared him to return to the Jail regardless. *Id*. at ¶ 26. Taken as a whole, Plaintiff's allegations are insufficient to establish deliberate indifference against any individual TK Health actor in the context of the prescription of medication to manage his mental illness. Differences in judgment between an inmate and jail medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's allegations are objectively and subjectively insufficient to state a claim for constitutional deprivation. If medical care was provided, and there is only a disagreement as to whether the proper care was provided, the case sounds in tort and does not rise to the level of a civil rights claim. *Smart v. Villar*, 547 F.2d 112 (10th Cir.1976); and *Debrow v. Kaiser*, 42 F. App'x 269, 269 (10th Cir. 2002). Where there is no allegation of a total denial of care, but rather plaintiff disagrees with the care provided, the civil rights claim fails. *Kermicle v. Day,* 428 F.Supp.16 (10th. Cir. 1976). Whether an alternative method of treatment was appropriate is a question of negligence, not of constitutional violation. *Redding v. Marsh*, 750 F.Supp.473, 478 (E.D.Okl.1990). Whether a medical provider made the right decision concerning a medical diagnosis or treatment is a question of negligence law which does not rise to the level of a constitutional deprivation. *Id.* at 479. From the face of the Complaint, TK Health's decision to evaluate the Decedent for mental health medication was in line with the actions taken by the providers at NRH.

The Tenth Circuit has repeatedly affirmed that generic accusations against the "Defendants" fail to meet the "fair notice" standard under Fed. R. Civ. P. 8. *See Robbins v. Oklahom*a, 519 F.3d 1242, 1250 (10th Cir. 2008). The Tenth Circuit has also stressed the importance of factual allegations in a § 1983 claim when qualified immunity is likely to be asserted as an affirmative defense. *Robbins,* 519 F.3d at 1249*; Gilbreath v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, CIV-11-1037-D, 2012 WL 2683133 (W.D. Okla. 2012); *Gray v. University of Colo. Hosp. Auth.*, 672 F.3d 909, 919 n. 9 (10th Cir. 2012) (noting use of collective term "Defendants" failed to inform individuals what unconstitutional acts they allegedly committed); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir.2008)

11

("allegations that simply name the 'Defendants' generically" do not state facts about an individual defendant's conduct); *Duffield v. Jackson*, 2007 WL 4210863 at *3 (W.D. Okla. 2007), not reported ("Personal participation is an essential element of a § 1983 claim"), citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Garrett v. Stratman*, 254 F.3d 946, 950 n. 4 (10th Cir. 2001); *Harper v. Woodward Bd. Of Cnty. Comm'rs*, 2014 WL 7399367, *7 (W.D. Okla. 2014), *not reported*.

Next, Plaintiff has failed to plead facts sufficient to show that any TK Health employee knew that Griego was at substantial risk of serious harm from November 16 to November 22, and that any such actor consciously disregarded any such risk. Taking the factual allegations in the Complaint as true, Griego was cleared by the external providers at NRH to return to the Jail on November 16. Upon his return, he was examined by TK Health Nurse Natasha Kairu, LPN that same day and his vitals were consistent with his vitals before he was discharged from NRH . Plaintiff fails to identify any specific TK Health employee who saw or was aware of Griego's condition after that point. Plaintiff does not allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs by any individual employee of TK Health and instead relies on unsupported conclusions that Griego was ignored by TK Heath Staff. ECF Doc. 1. at ¶ ¶ 34-44. Without any allegation that any TK Health employee saw or was made aware of his condition on those days, TK Health is deprived of fair notice of the claims levels and Plaintiff's Complaint should be dismissed.

Finally, Plaintiff has failed to plead sufficient facts to support causation. In other words, the Complaint is completely devoid of facts that demonstrate a causal nexus

12

between the conduct by TK Health employees and the Decedent's death by pulmonary emboli, a sudden, life-threatening and often unpredictable event. *See*, "Pulmonary Embolism," Mayo Clinic, available at: https://www.mayoclinic.org/diseases-conditions/pulmonary-embolism/symptoms-causes/syc-20354647#:~:text=Shortness%20of%20breath.,This%20is%20called%20syncope. To succeed on a § 1983 claim, a Plaintiff must demonstrate "the requisite causal connection is satisfied if [Defendant] set in motion a series of events that [Defendant] knew or reasonably should have known would cause others to deprive [someone] of [his or her] constitutional rights." *Martinez v. Carson,* 697 F.3d 1252, 1255 (10th Cir. 2012) (quoting *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 2006). A Defendant "may be held liable if the further unlawful detention and arrest would not have occurred but for their conduct and if there were no unforeseeable intervening acts superseding their liability." *Id*.

In the present case, the assaults alleged by Plaintiff constitute superseding causes of the Decedent's ultimate death that break any alleged causal chain between the complained of acts or omissions by TK Health Staff and the Decedent's death from pulmonary emboli. The first consideration for the Court then becomes what EMT French reasonably foresaw at the time she allegedly cleared Griego to the placed in general population. *Trask,* 446 F.3d at 1046-47. The factual assertions contained in the Complaint do not demonstrate that EMT French was aware of a specific risk that Greigo would be assaulted or that such an assault would result in pulmonary emboli. Further, Plaintiff has not alleged that any member of the TK Health staff was aware that an alleged failure to prescribe mental health medication would result in Griego's assault or resulting death.

13

Federal courts have dismissed cases with conclusory allegations such as those made by Plaintiff, and the U.S. Supreme Court has specifically condemned such threadbare statements masquerading as purported facts. *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996) (affirming dismissal of the plaintiff's inadequate medical care claim because the plaintiff's conclusory allegations did not rise to the level of deliberate indifference); and *White v. Kansas Dept. of Corrections*, 664 Fed. Appx. 734 (10th Cir. 2016), *unpublished* (affirming the district court's dismissal of the plaintiff's complaint because the plaintiff's unsupported allegations failed to approach the deliberate indifference standard). Here, Plaintiff has failed to plead sufficient facts to establish the subjective prong of the deliberate indifference test as it pertains to Griego's placement in general population and mental health treatment. Further, Plaintiff has failed to establish a causal nexus between he complained of conduct by TK Health staff and Griego's death by pulmonary emboli. Accordingly, Plaintiff's deliberate indifference claim against Defendant TK Health should be dismissed, pursuant to the Federal Rule of Civil Procedure 12(b)(6).

### B. PLAINTIFF HAS FAILED TO ALLEGE FACTS TO SUPPORT A MONELL CLAIM AGAINST TK HEALTH.

The law is well settled that there is no vicarious liability for § 1983 claims against municipality defendants, and the language of § 1983 cannot be read to impose vicarious liability based solely on the existence of an employer-employee relationship. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Williams v. City of*

*Tulsa, OK*, 393 F.Supp.2d 1124, 1128 (N.D.Okla.2005). The only method by which TK Health, a private healthcare company under contract with the County, could be found to have been deliberately indifferent is through a municipal liability theory under *Monell*. *See, e.g., Foster v. Turn Key Health Clinics, et al.*, 2020 WL 2517013, at \*2 (E.D.Okla.2020) ("[A] private party that has contracted to provide healthcare services to inmates and pretrial detainees [,like TK Health here,] is acting under color of state law in providing those services and is, therefore, a proper defendant in a § 1983 suit."

To state a Section 1983 claim against a municipality, "the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." *Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla.2009), citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir.2000). "[I]t is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (U.S. Ohio 1986), *citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24 (1985). In addition, an "official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Id*.

15

Thus, to state a § 1983 claim against TK Health, Plaintiff must allege facts sufficient to show that TK Health executed a policy or custom that *caused* the alleged constitutional deprivations. The Tenth Circuit has made clear that "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton Ohio v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412, 388-89 (1989). Plaintiff generically and formulaically alleges that TK Health "is charged with implementing and assisting in developing policies of [the Cleveland County Sheriff's Office] with respect to medical and mental health care of inmates at the [Jail]" and that there were "gross deficiencies in medical procedures, staffing, and facilities." ECF Doc. 1, ¶¶ 321, 324.

First, Plaintiff alleges that TK Health operates a for-profit company by working to reduce costs of healthcare, and that "Turn Key's contract [with Cleveland County] incentivizes cost-cutting measures in the delivery of medical and mental health care service at the Jail". ECF Doc. 1, ¶¶ 55-62. Plaintiff is thus alleging that because TK Health is a "for-profit" company, it has *ipso facto* deprived every inmate, in every facility where TK Health provides healthcare services, of a constitutional right to adequate medical care. However, Plaintiff has failed to make any factual showing that **Decedent's** care was impacted due to financial considerations, or that any employee of TK Health denied Decedent care due to the cost. On the contrary, Plaintiff's allegations show that Decedent did receive care, and that he was seen by both in-house and off-site medical professionals at NRH. Additionally, the Tenth Circuit has rejected the argument that operating a for-profit healthcare company is sufficient to prove deliberate indifference: "the naked

16

assertion that Defendants considered cost in treating [an inmate's medical condition] does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Sherman v. Klenke*, 653 F. App'x 580, 592-93 (10th Cir.2016), *unpublished* (also holding: "Even if we were to consider this cost-cutting policy, the allegation is wholly conclusory and would not cause his claim against CHP to survive a motion to dismiss.").

Second, Plaintiff alleges that TK Health "provides inadequate guidance, training and supervision to its medical staff regarding" the standard of care. ECF Doc. 1, ¶ 64. However, this is far too formulaic and generalized of an allegation to conclude that it could have been the "moving force" behind Decedent's successful suicide. The "standard of care" is determined by the facts of the patient and their individual circumstances (e.g., what a reasonably prudent comparable professional would have done in the same or similar circumstances), and it is a legal standard for the duty of care for medical negligence cases. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir.1997). Therefore, even if TK Health did not specify in policy the standard of care in every given situation and train its staff accordingly (which, again, is impossible to do), this still could not be shown to have been the "moving force" behind Decedent's alleged constitutional violation, as deliberate indifference is a much higher degree of fault than mere negligence.

Further, with regard to Plaintiff's allegations that TK Health had a policy or custom of failing to train staff, the Tenth Circuit has made clear that:

17

> [A] municipality can be liable under § 1983 only where its policies are the "**moving force [behind] the constitutional violation**." Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983 … "[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by city policymakers … Only where a failure to train reflects "deliberate" or "conscious" choice by a municipality—a "policy" as defined by our prior cases—can a city be liable for such a failure under § 1983.

*City of Canton Ohio v. Harris*, 489 U.S. 378, 388-89 (internal citations omitted) (emphasis added). Just as Plaintiff has failed to plead facts sufficient to show that any policy, practice or custom was the moving force behind Decedent's death, Plaintiff has wholly failed to plead facts sufficient to establish a claim for municipal liability against TK Health for alleged failure to train. "As our precedent makes clear, proving that a municipality itself actually caused a constitutional violation by failing to train the offending employee presents 'difficult problems of proof,' and we must adhere to a 'stringent standard of fault,' lest municipal liability under § 1983 collapse into *respondeat superior*." *Connick v. Thompson*, 563 U.S. 51, 70, 131 S.Ct. 1365, 179 L.Ed.2d 417, citing *Bd. of County Comm'rs of Bryan County, Okl v. Brown*, 250 U.S. 397 at 406; and *Canton*, 489 U.S. at 391-392.

Third, Plaintiff also makes a boilerplate, formulaic allegation that TK Health "has an established practice of failing to adequately assess and treat – and ignoring and disregarding – obvious or known symptoms of emergent and life-threatening conditions." ECF Doc. 1, ¶ 65. This is precise threadbare recital of the element of a cause of action that

18

should not survive a motion to dismiss. A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Fourth, Plaintiff further alleges that TK Health has systemic failures which "stem from the chronic unavailability of an on-site physician or psychiatrist, financial incentives to avoid the costs of inmate prescription medications and off-site treatment, and a failure to train and supervise medical staff in the assessment and care of inmates with complex or serious medical or mental health needs, including infection, respiratory issues/disease, heart disease, sepsis, and schizophrenia." ECF Doc. 1, ¶¶ 66. Plaintiff again formulaically alleges that TK Health's "inadequate or nonexistent policies and customs were a moving force behind the constitutional violations and injuries" in this case. *Id* at ¶ 68. Plaintiff alleges that no medical provider other than an LPN assessed Decedent while he was at the Jail. *Id*. at ¶ 68. However, this ignores the fact that TK Health staff referred the Decedent to an external hospital to ensure he was properly assessed following the alleged assault by his cellmate.

Inasmuch as Plaintiff alleges employees violated TK Health's policies by violating Decedent's constitutional rights (*e.g.*, Plaintiff's claim that a nurse should have performed another intake assessment when Decedent returned from Norman Regional Hospital), TK Health's policy cannot reasonably be said to have been the moving force behind any alleged constitutional violation if the policy was not followed.

Plaintiff has failed to plead any factual basis sufficient to establish that there was any "custom or practice" of TK Health which caused any alleged constitutional

19

deprivation. Plaintiff's conclusory, generic, and often inaccurate allegations drawn from other litigation that TK Health's policies or customs were inadequate or non-existent are insufficient to establish *Monell* liability. Such allegations fail to show that TK Health executed any policy or custom that was the "moving force" behind any alleged constitutional deprivation. Without pleading any such specific facts in support of her municipal liability claim, Plaintiff's "claims are far too vague and conclusory to state a plausible claim for relief." *See*, *e.g.*, *Soboroff v. Federal Transfer Center*, 2013 WL 4788614, * 3-4 (W.D. Okla. 2013), *unpublished*. The Tenth Circuit and other federal courts have made clear that "a 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *McClain v. Sheriff of Mayes Cty.*, 595 F. App'x 748, 753–54 (10th Cir.2014), citing *Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). *See, also, Flanagan v. City of Dallas, Tex.*, 48 F. Supp. 3d 941, 948–49 (N.D.Tex.2014) ("[A] municipality is almost never liable for an isolated unconstitutional act on the part of an employee"), citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001).

Plaintiff must allege facts sufficient to show that TK Health implemented and followed a *specific* policy or custom that *caused* the alleged constitutional deprivation. *See Monell,* 436 U.S. at 694. Plaintiff must further allege "the specific treatments or care that plaintiff was denied as a result of the [alleged] practices," in order to sufficiently allege causation for the purposes of municipal liability. *Prince v. Turn Key*, 2019 WL 238153, *10 (N.D.Okla.2019). *Monell* has stressed the importance of the "causation" element for municipal liability in stating that "Congress did not intend § 1983 liability to attach where

20

such causation was absent." *Monell,* 436 U.S. at 692.  Plaintiff has failed to plead facts sufficient to establish the required element of causation. Plaintiff's allegations, on their face, are meant to argue that Defendant TK Health had a policy or custom of inadequate treatment. However, Plaintiff must plead a *specific* policy or custom was the *moving force* behind the constitutional deprivation, not that certain, unproven, allegations, create a *de facto* policy or custom. *Monell,* 436 U.S. at 694.

Plaintiff has failed to plead any facts sufficient to establish that a TK Health policy, procedure, or custom was the "moving force" behind Decedent's alleged constitutional deprivation. Further, Plaintiff has failed to allege any facts sufficient to show that a specific TK Health policy or custom caused Decedent to suffer an alleged constitutional deprivation. Plaintiff does not identify any specific individual TK Health policy which was improper. Plaintiff has failed to state claims under § 1983 against Defendant TK Health, and pursuant to Federal Rule 12(b)(6), Plaintiff's claims against Defendant TK Health must be dismissed.

## CONCLUSION

Dismissal of all of Plaintiff's claims against Turn Key Health Clinics, LLC is appropriate at this time as Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

**WHEREFORE**, Defendant prays that this Court grants its motion and dismiss this action against it.

Respectfully submitted,

*s/ Kristin Siegel*
B. Chance Holland, OBA #31089
Kristin M. Siegel, OBA #32871
HALL BOOTH SMITH, P.C.
6301 WaterGriego Blvd, Ste 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414
cholland@hallboothsmith.com
ksiegel@hallboothsmith.com

*Attorneys for Defendant Turn Key Health Clinics, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of December, 2025, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen          danielsmolen@ssrok.com
Robert M. Blakemore       bobblakemore@ssrok.com
Jessica Marie James Curtis jjamescurtis@piercecouch.com

*s/ Kristin Siegel*
Kristin M. Siegel

22